UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MERCURIA SHIPPING SARL, JAVELIN GLOBAL COMMODITIES (UK) LTD. and ULTRATECH CEMENT LIMITED,<br><br>Petitioners,<br><br>For Order Authorizing Discovery Pursuant to Federal Rule of Civil Procedure 27 | VERIFIED PETITION FOR ORDER TO PRESERVE TESTIMONY AND EVIDENCE PURSUANT TO FED. R. CIV. P. 27 |

Petitioners, Mercuria Shipping SARL ("Mercuria"), Javelin Global Commodities (UK) Ltd. ("Javelin") and UltraTech Cement Limited ("UCL") (collectively "Petitioners") by undersigned counsel, respectfully petition this Court pursuant to Federal Rule of Civil Procedure 27 for an order permitting the preservation of testimony and evidence in connection with a casualty aboard the M/V W SAPPHIRE, occurring on or about August 18, 2025. This Petition is supported by the accompanying Memorandum of Law and the Declaration of Patrick F. Lennon. In support, Petitioner states:

## PARTIES AND INTERESTS

1. Linville LP ("Linville"), c/o W Marine, Inc. at Patriarchou Ioakim 39, Athens, 106 75, Greece, is the registered owner of the M/V W SAPPHIRE ("Vessel").

2. W Marine Inc., Patriarchou Ioakim 39, Athens, 106 75, Greece, is the commercial manager of the Vessel.

3. Olam Maritime Freight Pte. Ltd., 7 Straits View # 20-01, Marina One East Tower, Singapore 018936, is the time chartered owner of the Vessel pursuant to a time charter party with Linville.

4. Petitioner Mercuria, 50 Rue Du Rhone, Geneva 1204, Switzerland, is the trip time charterer of the Vessel pursuant to a trip time charter party with Olam.

5. Petitioner Javelin, 28 Eccleston Place, London SW1W 9NF, United Kingdom, is the voyage charterer of the Vessel pursuant to a voyage charter party with Mercuria.

6. Javelin loaded a cargo of coal on the Vessel at the CSX Chesapeake Coal Terminal, Baltimore, Maryland.

7. Petitioner UCL, was the purchaser for value of the cargo of coal laden on board the Vessel.

8. Petitioners allege, upon information and belief, Linville and W Marine — the registered owner and the manager of the vessel ("Vessel Interests") — are subject to the personal jurisdiction of this Court. The respondents transact business within this District and/or have sufficient contacts with the United States so as to render the exercise of jurisdiction consistent with due process. Petitioners further expect that, when any anticipated action is filed, Linville and W Marine will be amenable to suit in this District under the Court's admiralty and maritime jurisdiction.

## SUBJECT MATTER JURISDICTION

9. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1333(1), which confers upon the district courts original jurisdiction, exclusive of the courts of the States, over "[a]ny civil case of admiralty or maritime jurisdiction."

10. The claims that petitioners reasonably expect to bring arises under the Court's admiralty and maritime jurisdiction in that they concerns an incident occurring on the navigable waters of the United States and involving maritime commerce. Specifically, the matter arises from

an explosion of cargo on board a vessel in navigation, which constitutes a maritime occurrence within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

11. Petitioners will designate the claim as an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h), and seek to invoke the Court's admiralty jurisdiction accordingly.

## BACKGROUND AND EXPECTED LITIGATION

5. On or about August 18, 2025, at approximately 6:30 p.m., shortly after departure from the CSX Terminal, a powerful explosion occurred in the Vessel's No. 2 cargo hold while transiting the Patapsco River near the site of the collapsed Francis Scott Key Bridge.

6. The explosion produced a large fireball and plumes of smoke, widely observed around the Patapsco River, and caused a hatch cover to be blown into the river. Surrounding communities reported vibrations and noise from the blast.

7. Following the casualty, the United States Coast Guard (USCG) and the National Transportation Safety Board (NTSB) commenced formal investigations into the explosion, focusing on matters including cargo properties, loading and stowage, ventilation, inerting, gas monitoring, and vessel procedures.

8. Petitioners reasonably anticipate litigation and/or arbitration arising from this casualty, including: cargo claims concerning damage to the coal; potential claims among charterers, owners, and managers; and potential third-party tort claims, including claims arising from the closure of the Port of Baltimore.

9. At present, however, no action can be filed until liability is formally asserted or damages are demanded.

## NEED FOR PERPETUATION OF TESTIMONY AND EVIDENCE

10. The Vessel's master, chief officer, chief engineer, and other crew members possess unique, first-hand knowledge concerning: the condition of the Vessel prior to loading; cargo loading operations at Baltimore; stowage, ventilation, and monitoring of the coal cargo; and the events leading to and following the explosion.

11. The crew are foreign nationals expected to depart imminently with the Vessel or pursuant to crew-change arrangements. Once departed, the members of the crew will be outside this Court's subpoena power and otherwise unavailable. Their testimony is therefore at risk of permanent loss.

12. In addition, the Vessel Interests — Linville and W Marine — have refused repeated demands by Mercuria, Olam, Javelin and UCL to:

- Disclose vessel documents (*see* accompanying Declaration of Patrick F. Lennon, Ex. 1);
- Permit a proper independent marine inspection of the Vessel and cargo; and
- Allow limited depositions of key crew members.

13. Without immediate preservation of testimony and production of limited records, Petitioners will be unable to protect their rights, and a failure or delay of justice will result.

## RELIEF REQUESTED

14. Pursuant to Rule 27, Mercuria requests leave of Court to:

    a. Take the depositions upon oral examination of the Vessel's master, chief officer, chief engineer, and relevant ventilation/electrical personnel;

    b. Conduct a proper independent marine inspection of the Vessel; and

    c.    Obtain preservation and production of a targeted set of vessel documents, including cargo logs, stowage and ventilation plans and records, gas-monitoring data, SMS/ISM checklists, cargo safety data, and related operational records.

15. These depositions and documents are limited in scope and directed only to facts material to the casualty.

## LEGAL BASIS

16. Rule 27 permits the preservation of testimony when a party expects to be a party to an action cognizable in U.S. courts, but cannot presently bring it, and when perpetuation "may prevent a failure or delay of justice." Fed. R. Civ. P. 27(a)(3).

17. The Fourth Circuit has recognized that "extraordinary circumstances" in admiralty, such as transient crews and vessel departures, justify Rule 27 relief. *Deiulemar Compagnia di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473, 480 (4th Cir. 1999). Courts have likewise found Rule 27 appropriate where evidence may otherwise become unavailable, even in the context of foreign arbitration. See *In re Compania Chilena de Navegacion Interoceanica S.A.*, 2004 U.S. Dist. LEXIS 6408 (E.D.N.Y. 2004).

18. Here, the potentially imminent departure of the Vessel's crew from the United States, the refusal of Vessel Interests to produce records, and the ongoing USCG/NTSB investigations present precisely the extraordinary circumstances contemplated by Rule 27.

## PRAYER FOR RELIEF

**WHEREFORE**, Petitioners respectfully requests that this Court enter an order:

1. Authorizing the depositions upon oral examination of the master, chief officer, chief engineer, and relevant crew of the M/V W SAPPHIRE prior to their departure from the United States;

2. Directing the preservation and production of the Vessel records described above;

3. Providing that the testimony and documents shall be preserved for use in anticipated litigation or arbitration;

4. Permitting the Petitioners to conduct a proper independent marine inspection of the Vessel; and

5. Granting such other and further relief as this Court deems just and proper.

Dated: September 26, 2025

>Respectfully submitted,
>*The Petitioner*
>MERCURIA SHIPPPING SARL
>
>By: /s/ James R. Jeffcoat
>James R. Jeffcoat
>Bar No. 30105
>WHITEFORD, TAYLOR & PRESTON, LLP
>7 Saint Paul Street, Suite 1500
>Baltimore, MD 21202-1636
>(410) 347-8736
>jjeffcoat@whitefordlaw.com
>
>and
>
>Patrick F. Lennon, Esq. [pro hac vice motion forthcoming]
>Kevin J. Lennon, Esq. [pro hac vice motion forthcoming]
>LENNON, MURPHY & PHILLIPS, LLC
>The GrayBar Building
>420 Lexington Ave., Suite 300
>New York, NY 10170
>(212) 490-6050
>pfl@lmplaw.net
>kjl@lmplaw.net

*The Petitioner*
JAVELIN GLOBAL COMMODOTIES (UK) LTD.

By: /s/ Alexnder M. Giles
    Alexander M. Giles, Esq.
    Bar No. 24474
    TYDINGS & ROSENBERG, LLP
    One E Pratt Street
    Baltimore, MD 21202
    (410) 752-9747
    agiles@tydings.com

*The Petitioner*
ULTRATRECH CEMENT LIMITED

By: /s/ Terry L. Goddard
    Terry L. Goddard, Esq.
    Bar No. 15460
    Skeen & Kauffman, LLP
    9256 Bendix Road, Suite 102
    Columbia, MD 21045
    (410) 625-2272
    tgoddard@skaufflaw.com

    and

    John J. Sullivan, Esq. [pro hac vice motion forthcoming]
    HILL RIVKINS LLP
    45 Broadway, Suite 2110
    New York, NY 10006
    (212) 669-0600
    jsullivan@hillrivkins.com

## VERIFICATION

I, Larry Johnson, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a Director of Petitioner Mercuria Shipping SARL in this matter.

2. I have read the foregoing Verified Petition for an Order to Preserve Testimony and Evidence Pursuant to Fed. R. Civ. P. 27.

3. The factual allegations contained therein are true and correct to the best of my knowledge, information, and belief, based upon my review of documents, discussions with counsel, and my own investigation of the facts and circumstances relating to this Petition.

4. I verify that the Petition is submitted in good faith and not for the purpose of harassment or delay.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 24th day of September, 2025.

DocuSigned by:

*Larry Johnson*
763BCE134EEB430

Larry Johson