UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MERCURIA SHIPPING SARL, JAVELIN GLOBAL COMMODITIES (UK) LTD. and ULTRATECH CEMENT LIMITED,<br><br>Petitioners,<br><br>For Order Authorizing Discovery Pursuant to Federal Rule of Civil Procedure 27 | DECLARATION IN SUPPORT OF PETITIONERS' APPLICATION PURSUANT TO FED. R. CIV. P. 27 TO PRESERVE TESTIMONY AND EVIDENCE |

I, Patrick F. Lennon, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am one of the external lawyers representing of Mercuria Shipping SARL ("Mercuria"), one of the Petitioners herein. I submit this Declaration in support of the Petitioners' Verified Petition pursuant to Federal Rule of Civil Procedure 27 to perpetuate testimony and preserve evidence in aid of anticipated litigation or arbitration.

2. Mercuria is the trip time chartered owner of the M/V W SAPPHIRE, a Liberian flagged bulk carrier.

3. On or about August 18, 2025, after completing loading a cargo of coal at the Port of Baltimore, Maryland, and while navigating near the Francis Scott Key Bridge, the W SAPPHIRE suffered a serious explosion and fire in her number 2 cargo hold. The casualty resulted in significant damage to the vessel and cargo, disruption to port operations, safety and environmental hazards and temporary closure of the port.

4. Following the casualty, the United States Coast Guard ("USCG") and the National Transportation Safety Board ("NTSB") initiated independent investigations into the causes of the incident. These investigations remain ongoing.

5. The W SAPPHIRE's commercial and operational structure is complex:

- Linville LP ("Linville") — registered owner;
- W Marine Inc. ("W Marine") — vessel manager;
- Olam Maritime Freight Pte Ltd. ("Olam") — time chartered owner;
- Mercuria — trip time chartered owner;
- Javelin Global Commodities (UK) Ltd. ("Javelin") — voyage charterer; and
- UltraTech Cement Limited ("UCL") – cargo purchaser.

Linville and W Marine are hereinafter referred to as "Vessel Interests." Any disputes between Linville/W Marine and Olam are, on information and belief, subject to arbitration in London, United Kingdom, as are any disputes between Olam and Mercuria, Mercuria and Javelin.

6. Litigation of claims may also arise in the United States concerning damage to the cargo, damages to the Vessel and third party claims resulting from the explosion and subsequent temporary closure of the Fort McHenry Federal Channel in the Patapcso River.

7. Since the casualty, Olam, Mercuria, Javelin and UCL have repeatedly demanded the Vessel Interests to:

    a. Produce core vessel documents, e.g., cargo and stowage plans, ventilation and inerting records, gas-monitoring logs, safety management system checklists, risk assessments, message traffic, and alarm/safety-system records;

    b. Permit a proper independent marine inspection and survey of the vessel and cargo; and

    c. Make available key crew members (including the master, chief officer, chief engineer, and electrical/ventilation personnel) for limited depositions concerning cargo loading, stowage, ventilation, gas detection, and related procedures.

Despite such repeated demands, the Vessel Interests have refused to produce these documents, to permit an independent inspection, or to allow limited depositions of the crew.

       8.       The W SAPPHIRE remains subject to repairs, cargo handling, and operational changes that may materially alter or erase evidence relevant to the casualty. For example, on September 17, 2025, solicitors based in the United Kingdom representing Vessel interests wrote to counsel for Olam, Mercuria, and Javelin as follows:

> The vessel will now be shifted to Cove Point Anchorage, per USCG latest instructions where it will remain while options for the discharge of the cargo on board are investigated by the Local Authorities.
>
> Per Class and Flag requirements, the entire cargo on board needs to be discharged, so that the full extent of the damage sustained can be evaluated and eventually repaired.
>
> In any event, repairs can only be conducted whilst the vessel is free of the cargo which, in any case, is not safe for oncarriage.
>
> Owners understand that cargo interests request to inspect the cargo and now that the situation has been stabilised Owners agree to accept such request exclusively for the inspection of the cargo, provided of course that all necessary precautions are adhered to.
>
> Charterers, Subcharterers and cargo interests may appoint qualified cargo surveyors on their respective behalves who may inspect the cargo on board the vessel at the anchorage on a timely basis. Owners will be represented at such survey by Mr Fernandes of FMC International. Any attending cargo surveyors will be required to be nominated 24 hours in advance and to execute an indemnity in the same format as that previously executed by attending fire experts. **<u>Inspection will be from the deck level only and access will not be permitted to any other area of the vessel.</u>** Owners propose that cargo survey takes place on Friday 19 September at 0900 LT subject to the vessel's timely shifting to the new anchorage. . . .

(emphasis added).

       9.       The Vessel's crew members are, on information and belief, foreign nationals who are expected to depart the United States imminently. Vessel Interests' US attorneys advised that they would provide Olam, Mercuria and Javelin notice of any plan to repatriate the crew members.

However, once the crew members leave, they will not be subject to compulsory process, and their availability for testimony cannot be guaranteed. Their recollections are also subject to degradation over time. For all practical purposes, Vessel Interests could repatriate the crew at a moment's notice.

10. The evidence sought is material to anticipated litigation and/or multiple foreign arbitration proceedings arising from the W SAPPHIRE casualty, and its loss would cause a failure or delay of justice.

11. Petitioners therefore seek an Order authorizing:

   a. Limited depositions of the W SAPPHIRE's master, chief officer, chief engineer, bosun and other crew involved with the cargo loading, stowage, ventilation and electrical systems on the Vessel;

   b. Preservation and production of the Vessel documents listed in Exhibit 1 attached hereto; and

   c. The Petitioners to conduct a proper independent marine inspection of the Vessel;

12. This application is made in good faith and not for purposes of harassment or delay.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 26th day of September, 2025, at Westport, Connecticut.

/s/ Patrick F. Lennon
Patrick F. Lennon