## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MERCURIA SHIPPING SARL, JAVELIN GLOBAL COMMODITIES (UK) LTD. and ULTRATECH CEMENT LIMITED, <br><br> Petitioners, <br><br> For Order Authorizing Discovery Pursuant to Federal Rule of Civil Procedure 27 | **MEMORANDUM OF LAW IN SUPPORT OF PETITIONERS' APPLICATION PURSUANT TO FED. R. CIV. P. 27 TO PRESERVE TESTIMONY AND EVIDENCE** |

Petitioners Mercuria Shipping SARL ("Mercuria"), Javelin Global Commodities (UK) Ltd. ("Javelin") and UltraTech Cement Limited ("UCL") (collectively "Petitioners") by their undersigned counsel, respectfully submit this Memorandum of Law, together with the accompanying Declaration of Patrick F. Lennon, in support of its verified petition pursuant to Rule 27 of the Federal Rules of Civil Procedure seeking an order authorizing the preservation of testimony and evidence necessary to prevent a failure or delay of justice in anticipated litigation or arbitration arising from the explosion aboard the M/V W SAPPHIRE at the Port of Baltimore in August 2025.

## I.      INTRODUCTION

Pre-complaint preservation of testimony is expressly authorized by Federal Rule of Civil Procedure 27 to prevent "a failure or delay of justice." Fed. R. Civ. P. 27(a)(3). Maritime cases frequently present the exact circumstances the Rule was designed to address: transient crews, moving vessels, and evidence that can dissipate rapidly.

The Fourth Circuit has confirmed that Rule 27 applies in admiralty and may be invoked under "extraordinary circumstances" when evidence is in danger of being lost "because of the

unique and fleeting nature of the evidence involved." *Deiulemar Compagnia di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473, 480 (4th Cir. 1999). This is such a case.

## II.    STATEMENT OF FACTS

### A.    The W SAPPHIRE Explosion at Baltimore

On or about August 18, 2025, after completing loading a cargo of coal at the Port of Baltimore, Maryland, and while navigating near the Francis Scott Key Bridge, the W SAPPHIRE suffered a serious explosion and fire in her number 2 cargo hold. The casualty resulted in significant damage to the vessel and cargo, disruption to port operations, safety and environmental hazards and temporary closure of the port.  *See* Declaration of Patrick F. Lennon ¶ 3 (hereinafter "Lennon Decl.")

### B.    Ongoing Federal Investigations

In the immediate aftermath the United States Coast Guard ("USCG") (Sector Maryland–National Capital Region) initiated a marine casualty investigation into the explosion.  The National Transportation Safety Board ("NTSB") likewise opened an independent investigation into the casualty to determine the probable cause(s) and to make findings regarding safety issues, including cargo characteristics, stowage, ventilation, inerting, gas monitoring, shipboard procedures, and emergency response.  Lennon Decl. ¶ 4.  Both investigations remain ongoing. *Id.*  Certain vessel conditions and evidence are dynamic — including ventilation configurations, cargo atmospheres, and crew recollections — and cannot be fully recreated once altered by repairs, operations, or the passage of time.

### C.    Roles of the Principal Commercial and Technical Parties

The W SAPPHIRE's commercial and operational interests include:

- Linville LP ("Linville") — registered owner;

- W Marine Inc. ("W Marine") — vessel manager;

- Olam Maritime Freight Pte Ltd. ("Olam") — time chartered owner;

- Mercuria — trip time chartered owner;

- Javelin Global Commodities (UK) Ltd. ("Javelin") — voyage charterer; and

- UltraTech Cement Limited ("UTCL") – cargo purchaser.

Linville and W Marine are hereinafter referred to as "Vessel Interests."  Lennon Decl. ¶ 5.

Any disputes arising between and/or among the parties to the various vessel charters are, on information and belief, subject to arbitration in London, United Kingdom. *Id.*

### D. Repeated Demands for Core Evidence and Access; Refusals

Since the casualty, Olam, Mercuria, Javelin and UTCL have repeatedly demanded that the Vessel Interests:

a. Produce core vessel documents, e.g., cargo and stowage plans, ventilation and inerting records, gas-monitoring logs, safety management system checklists, risk assessments, message traffic, and alarm/safety-system records;

b. Permit a proper independent marine inspection and survey of the vessel and cargo; and

c. Make available key crew members (including the master, chief officer, chief engineer, and electrical/ventilation personnel) for limited depositions concerning cargo loading, stowage, ventilation, gas detection, and related procedures.

Lennon Decl. ¶ 6.

Despite repeated demands, Vessel Interests have refused to provide the requested documents, allow a marine inspection, or permit depositions of crew with critical knowledge. *Id.* ¶ 7. The Vessel's crew members are, on information and belief, foreign nationals who are expected

to depart the United States imminently. *Id.* ¶ 9. Vessel Interests US attorneys advised that they would provide Olam, Mercuria and Javelin notice of any plan to repatriate the crew members. *Id.* However, once the crew members leave, they will not be subject to compulsory process, and their availability for testimony cannot be guaranteed. Their recollections are also subject to degradation over time. *Id.* For all practical purposes, Vessel Interests could repatriate the crew at a moment's notice. *Id.*

**E.      Imminent Risk of Irretrievable Loss of Evidence**

The W SAPPHIRE remains subject to operational imperatives. Repairs, cargo handling, and vessel movements can materially alter or erase crucial evidence. The crew are foreign nationals who will soon depart U.S. jurisdiction. *Id.* ¶ 8. Their availability cannot be guaranteed, and their recollections will fade with time. Without immediate preservation, Petitioners face a failure or delay of justice.

**III.    LEGAL STANDARD**

Federal Rule of Civil Procedure 27(a) provides:

A person who desires to perpetuate testimony regarding any matter that may be cognizable in any court of the United States may file a verified petition … [and] the court may order the deposition to be taken if it is satisfied that perpetuating the testimony may prevent a failure or delay of justice.

Fed. R. Civ. P. 27(a)(1), (3).

The petitioner must show:

1.  An expectation of being a party to an action cognizable in a U.S. court but present inability to bring it;

2.  The subject matter of the expected action and its interest;

3.  The facts to be established and reasons for perpetuation;

4.  Expected adverse parties; and

5. The witnesses and the substance of expected testimony.

See *In re Compania Chilena de Navegacion Interoceanica S.A.*, 2004 U.S. Dist. LEXIS 6408, *5 (E.D.N.Y. Jan. 29, 2004). Relief is appropriate when perpetuation "may prevent a failure or delay of justice." Fed. R. Civ. P. 27(a)(3).[1]

Although discovery in arbitration is generally limited, federal courts have recognized that under extraordinary circumstances, Rule 27 may be invoked to preserve evidence necessary to prevent injustice. See *Comsat Corp. v. National Science Found.*, 190 F.3d 269, 276 (4th Cir. 1999) (noting that arbitration typically proceeds with limited discovery, but acknowledging that courts may intervene upon a showing of "special need or hardship"). Earlier cases have identified such extraordinary circumstances where evidence is uniquely at risk of loss, such as "where a vessel with crew members possessing particular knowledge of the dispute is about to leave port," or where evidence would otherwise disappear before a claimant could file suit. *In re Deiulemar*, 153 F.R.D. 592, 593 (E.D. La. 1994) (citing *Oriental Commercial & Shipping Co. v. Rosseel*, 125 F.R.D. 398, 400 (S.D.N.Y. 1989)); *Ferro Union Corp. v. S.S. Ionic Coast*, 43 F.R.D. 11, 14 (S.D. Tex. 1967). See also *Phibro Commodities v. M/V Rizcun Trader*, 1997 A.M.C. 2025 (E.D. Pa. 1997), *In re Raffles Shipping Int'l Pte, Ltd.*, 2010 U.S.Dist.LEXIS 19624 (E.D. La. Mar. 3, 2010), 2010 U.S.Dist.LEXIS 19663 (Mar. 4, 2010)(recommended ruling adopted).

Thus, while parties to arbitration forgo many "procedural niceties … normally associated with a formal trial," including routine pretrial discovery, courts have consistently recognized that Rule 27 remains available where evidence is otherwise unavailable and its preservation is

---

[1] "The factors provided in Rule 27 for consideration of an order preserving evidence are not sacrosanct and any procedural deficiencies in a petition need not be fatal to the request." *Hamilton Beach Brands, Inc., v. Est. of Moore*, 2024 U.S.Dist.LEXIS 116584 (E.D. Tn. July 2, 2024)(citing *In re Bay County Middlegrounds Landfill Site*, 171 F.3d 1044, 1046 (6th Cir. 1999); and *Application of Deiulemar Di Navigazione S.p.A.*, 153 F.R.D. 592, 593 (E.D. La. Feb. 22, 1994).

necessary to prevent a failure or delay of justice. See *Burton v. Bush*, 614 F.2d 389, 390 (4th Cir. 1980); *Comsat*, 190 F.3d at 278.

## IV.    ARGUMENT

### A.    Mercuria Reasonably Anticipates Litigation or Arbitration

"A cognizable action only requires 'a sufficient likelihood that the expected litigation will eventuate.'" *Deiulemar*, 198 F.3d at 484–85. Likewise, *Compania Chilena* explained that the court need only be satisfied "that the perpetuation of the testimony may prevent a failure or a delay of justice." 2004 U.S. Dist. LEXIS 6408, at *8–9. The Vessel is currently within the jurisdiction of this Court, and may be subject to arrest by one or more of the Petitioners pursuant to Supplementary Admiralty Rule C of the Federal Rules of Civil Procedure.  Litigation and/or arbitration concerning responsibility for the W SAPPHIRE casualty is plainly foreseeable.

### B.    The Testimony and Evidence Sought Are Material

The crew's testimony and vessel documents directly concern causation and cannot be recreated. Discussing *Deiulemar,* the court in *Raffles Shipping Int'l Pte Ltd.* reasoned, "where a vessel with foreign crew members possessing particular knowledge of the dispute is about to leave port, extraordinary circumstances were present." 2010 U.S. Dist. LEXIS 19624, at *3–4 (quoting *Deiulemar*, 153 F.R.D. at 593. The same applies here.

### C.    "Extraordinary Circumstances" Exist; Preservation Is Required

The imminent departure of foreign crew and alteration of evidence establish extraordinary circumstances. In *Deiulemar*, the Fourth Circuit affirmed Rule 27 relief where vessel evidence was "rapidly disappearing or changing." 198 F.3d at 480. *Compania Chilena* similarly found "classic … extraordinary circumstances" where "a vessel with crew members possessing particular knowledge of a dispute is about to leave." 2004 U.S. Dist. LEXIS 6408, at *11.

Nor is physical destruction required.  Courts have clarified that Rule 27 does not demand proof that evidence is on the verge of physical destruction.  Rule 27 does not require proof of imminent destruction of evidence; rather, it is enough that a petitioner shows an immediate need to preserve evidence that may otherwise become unavailable or that it cannot timely secure without court intervention. The *Deiulemar* court explained:  "Rule 27 does not require absolute certainty… A cognizable action only requires 'a sufficient likelihood that the expected litigation will eventuate.'"  *Deiulemar*, 198 F.3d 473.  And in *In re Compania Chilena* the court granted Rule 27 relief where the vessel and crew were about to leave the U.S., stressing that such circumstances justified preservation even though no showing was made that the evidence was about to be destroyed: "[T]he fact that the vessel with the crew will be leaving the United States within 24 hours… is a sufficient basis for this Court to find the extraordinary circumstances necessary to warrant discovery under Rule 27 despite the arbitration provision."  *Compania Chilena*, 2004 U.S. Dist. LEXIS 6408, at *9.

Here, Vessel Interests have declined to agree to make the Vessel's crew available for deposition and have merely agreed to provide notice if and when they intend to repatriate the crew. Thus, there exists a risk that the crew may leave the United States at a moment's notice.  *See* Lennon Decl. ¶ 9.

### D. The Existence of an Arbitration Clause Does Not Bar Relief

The Fourth Circuit has confirmed that Rule 27 may apply "in aid of arbitration" when extraordinary circumstances exist. *Deiulemar*, 198 F.3d at 479–81. *Compania Chilena* likewise held that preservation "would ultimately aid the arbitration and that if this testimony is not perpetuated, there may be a delay or a denial of justice." 2004 U.S. Dist. LEXIS 6408, at *10.

### E. Rule 27 Remains Available in Aid of Foreign Arbitration Even After *ZF Automotive* and *AlixPartners*

Respondents may argue that the Supreme Court's decisions in *ZF Automotive US Inc. v. Luxshare, Ltd.*, 142 S. Ct. 2078 (2022), and *AlixPartners, LLP v. Fund for Protection of Investor's Rights in Foreign States*, 142 S. Ct. 2077 (2022), preclude relief under Rule 27. That argument misreads those cases. Those decisions limited the scope of 28 U.S.C. § 1782, holding that private foreign arbitrations are not "foreign or international tribunals" within that statute. They did not address Rule 27. Rule 27 is part of the Federal Rules of Civil Procedure, not § 1782, and its application turns only on whether the testimony is within the Court's jurisdiction and whether perpetuation is necessary to prevent a failure of justice.

As *Deiulemar* (Fourth Circuit) and *Compania Chilena* (E.D.N.Y.) confirm, Rule 27 has long been applied in aid of foreign private arbitrations where extraordinary circumstances exist. Nothing in *ZF Automotive* or *AlixPartners* curtailed that authority. Thus, while § 1782 is unavailable for private arbitrations, Rule 27 remains a proper and independent procedural mechanism in this Court.

## <u>CONCLUSION</u>

The W SAPPHIRE explosion presents precisely the "extraordinary circumstances" contemplated by Rule 27: critical evidence at imminent risk of loss, foreign crew potentially about to depart the country, and ongoing U.S. agency investigations. Under binding Fourth Circuit precedent in *Deiulemar* and consistent federal authority, this Court should grant Mercuria's petition and order limited preservation of testimony and documents as set forth in the Verified Petition.

Dated: September 26, 2025

Respectfully submitted,

*The Petitioner*
MERCURIA SHIPPPING SARL


By: /s/ James R. Jeffcoat
    James R. Jeffcoat
    Bar No. 30105
    WHITEFORD, TAYLOR & PRESTON, LLP
    7 Saint Paul Street, Suite 1500
    Baltimore, MD 21202-1636
    (410) 347-8736
    jjeffcoat@whitefordlaw.com

    and

    Patrick F. Lennon, Esq. [pro hac vice motion
    forthcming]
    Kevin J. Lennon, Esq. [pro hac vice motion
    forthcming]
    LENNON, MURPHY & PHILLIPS, LLC
    The GrayBar Building
    420 Lexington Ave., Suite 300
    New York, NY 10170
    (212) 490-6050
    pfl@lmplaw.net
    kjl@lmplaw.net


    *The Petitioner*
    JAVELIN GLOBAL COMMODOTIES
    (UK) LTD.


By: /s/ Alexnder M. Giles
    Alexander M. Giles, Esq.
    Bar No. 24474
    TYDINGS & ROSENBERG, LLP
    One E Pratt Street
    Baltimore, MD 21202
    (410) 752-9747
    agiles@tydings.com

*The Petitioner*
ULTRATRECH CEMENT LIMITED


By: /s/ Terry L. Goddard
    Terry L. Goddard, Esq.
    Bar No. 15460
    Skeen & Kauffman, LLP
    9256 Bendix Road, Suite 102
    Columbia, MD 21045
    (410) 625-2272
    tgoddard@skaufflaw.com

    and

    John J. Sullivan, Esq. [pro hac vice motion
    forthcoming]
    HILL RIVKINS LLP
    45 Broadway, Suite 2110
    New York, NY 10006
    (212) 669-0600
    jsullivan@hillrivkins.com