UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MERCURIA SHIPPING SARL, JAVELIN GLOBAL COMMODITIES (UK) LTD. and ULTRATECH CEMENT LIMITED,<br><br>    Petitioners,<br><br>For Order Authorizing Discovery Pursuant to Federal Rule of Civil Procedure 27 | **ORDER** |

**[PROPOSED] ORDER**

Upon consideration of the Verified Petition of Petitioner Mercuria Shipping SARL, Javelin Global Commodities (UK) Ltd. and UltraTech Cement Limited pursuant to Rule 27 of the Federal Rules of Civil Procedure, the supporting Declaration of Patrick F. Lennon, the Memorandum of Law, and the exhibits filed therewith, and the Court having determined that Petitioners have demonstrated that the perpetuation of testimony and preservation of evidence may prevent a failure or delay of justice, it is hereby:

**ORDERED** that the Petition is GRANTED; and it is further

**ORDERED** that Petitioners are authorized to take the depositions upon oral examination of the following crew members of the M/V W SAPPHIRE:

1. Master;
2. Chief Officer;
3. Chief Engineer;
4. Electrical/ventilation personnel; and
5. Such other officers or crewmembers with direct knowledge of cargo loading, stowage, ventilation, gas monitoring, and related procedures for the voyage in question;

**ORDERED** that the testimony shall be limited to facts material to the explosion aboard the W SAPPHIRE on or about August 18, 2025, including cargo loading, stowage, ventilation, inerting, gas monitoring, and related shipboard operations; and it is further

**ORDERED** that Petitioners are authorized to obtain preservation and production of the following vessel documents and records:

a. All cargo declarations, MSDS or SDS (Material Safety Data Sheets / Safety Data Sheet), certificates of analysis, and shipper's instructions provided prior to loading;

b. Any correspondence with shippers, agents, or surveyors concerning cargo description, classification, or handling requirements;

c. Loading plans, stowage plans, and records of segregation or special precautions taken at CSX/CSXT's terminal;

d. Instructions issued to the Master or crew regarding safe carriage of the cargo;

e. Deck and engine room logbooks, cargo logs, temperature/pressure monitoring records, and any alarms or incident reports from the Vessel's arrival in Baltimore on or about 16 August 2025 to present;

f. The Master's statement, crew witness statements, contemporaneous reports, and any communications with port, local, or federal authorities, P&I Club, H&M underwriters, or emergency responders (to include, but not limited to, the Baltimore City Fire Department);

g. Internal investigation report, video, photographs, or root-cause analyses prepared following the incident;

h. Communications to/from/with the US Coast Guard;

    i. Any documents received from the US Coast Guard, including, but not limited to COTP Orders and PSC inspection/exam reports;

    j. Any documents submitted to the US Coast Guard by Owners including, but not limited to, LEL reports/notifications, marine chemist certificates, salvage and repair plans, damage assessments, and any notices to the US Coast Guard concerning any noticeable change in stability, draft readings, Vessel position, or signs of pollution;

    k. Any surveys, inspections, monitoring logs, or expert reports (whether appointed by you, shippers, insurers, or third parties) relating to the cause, extent, or consequences of the explosion;

    l. Any logs, reports, or certificates recorded or issued by any marine chemist attending onboard the Vessel from cargo loading to present;

    m. The results of any testing completed on cargo samples;

    n. Invoices, repair estimates, deviation expenses, and other costs incurred or that Owners reasonably anticipate claiming in this matter;

    o. Details of any insurance claims submitted in connection with the Incident;

    p. The RightShip Inspection report from the inspection conducted on or about 16 August 2025;

    q. Vessel electrical diagrams starting with those for Hold 2.

and it is further

    **ORDERED** that the depositions shall be taken on notice to all interested parties, before a duly authorized court reporter, at a time and place mutually agreed upon, or as otherwise directed by the Court; and it is further

**ORDERED** that all testimony and documents preserved pursuant to this Order shall be maintained for use in anticipated litigation or arbitration arising out of the W SAPPHIRE explosion; and it is further

**ORDERED**, that the Petitioners may conduct a proper independent marine inspection of the Vessel; and it is further

**ORDERED** that this Court shall retain jurisdiction to enforce this Order and to resolve any disputes arising in connection with the discovery authorized herein.

SO ORDERED.

Dated: September ___, 2025

_____
United States District Judge