UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MERCURIA SHIPPING SARL, JAVELIN GLOBAL COMMODITIES (UK) LTD. and ULTRATECH CEMENT LIMITED,<br><br>        Petitioners,<br><br>For Order Authorizing Discovery Pursuant to Federal Rule of Civil Procedure 27 | Civil Action No.: 1:25-cv-03207-MJM |

**LINVILLE LP AND W MARINE INC. MEMORANDUM IN OPPOSITION TO PETITION FOR ORDER TO PRESERVE TESTIMONY AND EVIDENCE**

Linville LP and W Marine, Inc., (collectively "Owners"), hereby submit the following Memorandum of Law in opposition to the Petition to Preserve Testimony and Evidence filed by Mercuria Shipping SARL ("Mercuria"), Javelin Global Commodities (UK) Ltd. ("Javelin") and Ultratech Cement Limited ("UCL")(collectively "Petitioners").

**I.     INTRODUCTION – Fed. R. Civ. P. 27 is an extraordinary remedy and applies only in limited circumstances not present here**

Fed. R. Civ. P. 27 is an extraordinary remedy which permits the *perpetuation*, not the *production*, of evidence where there is an immediate concern that evidence may become unavailable. Because it represents an exception to a regular lawsuit, Rule 27 does not impose the same requirements required to commence litigation. Rule 27 does not require that the petitioner file a formal complaint setting forth causes of action, the petition does not have to be served on the opposing party under Fed. R. Civ. P. 4, and the defenses available to a defendant under Fed. R. Civ. P. 12 are not available to defeat a petition under Fed. R. Civ. P. 27.

It is because Rule 27 is an extraordinary remedy that relief is only available if the petitioner can satisfy the prerequisites of the Rule. In addition to establishing that there is a risk that evidence will disappear, the petitioner must also prove that (1) there is a reasonable likelihood that the petitioner will become a party to a lawsuit filed in a US court, (2) the petitioner is unable to presently bring an action in a US court, and (3) a potential adverse party must reside in the district. This petition fails to satisfy any of these prerequisites and must therefore be denied.

## II. FACTS

### a. Each of the parties is a foreign entity

The W-SAPPHIRE (the "Vessel") is a bulk vessel owned by Linville and managed by W-Marine. At the time of the incident the ship was operating under a series of back-to-back charter parties by, in order, Olam Maritime Freight PTE LTD ("Olam"), Mercuria and Javelin. Both Petitioners and Olam admit that each of these charter parties is governed by English law, and that all claims by each charterer up and down the chain are subject to arbitration in London.

Although Petitioners do not differentiate among themselves, UCL is in a different posture *vis a vis* the other parties. UCL is the purchaser of the coal aboard the Vessel, and UCL's governing contract is not a charter party but a bill of lading which does not specify the applicable law or forum for disputes. Upon information and belief, UCL is also a foreign entity based in India.

Importantly, all the potential parties who have been identified are foreign entities, almost all of whom have agreed to resolve disputes between themselves in London arbitration. Petitioners have made some vague references to other potential parties who might have been aggrieved by this incident and who could possibly assert claims but have not identified any of those parties by name nor provided any evidence where those entities are incorporated or where they reside.

### b. The August 18 incident

The Vessel completed loading a cargo of coal at CSX terminal on August 18 and departed the berth at 1723. Just over an hour later, at 1829, there was an explosion in hold # 2. The starboard section of the hatch cover was blown into the Patapsco River, and the port section of the hatch cover was displaced but remained on board. Fortunately, no-one was injured and there was no pollution. No other ships were in the immediate vicinity at the time of the explosion and Owners are unaware of any claims of physical damage sustained from the explosion by anything or anyone other than the W-SAPPHIRE and possibly some of the coal aboard the Vessel.

The United States Coast Guard ordered a relatively brief shutdown of the channel after the explosion to permit the Vessel to transit to a safe anchorage removed from other vessel traffic and later reclosed another section of the channel for a brief period so that the starboard section of the hatch cover could be removed from the river.

The ship remains anchored in the Chesapeake Bay and, upon information and belief, will remain there until early December, at the earliest. All the crew remain on board the ship and there are no plans to repatriate them. There have been no repairs performed to the ship or its equipment, nor are any repairs planned until after the cargo of coal has been discharged from the ship and the full extent of the structural damage to the ship can be evaluated.

### III. ARGUMENT

#### a. Fed. R. Civ. P. 27 is not intended to provide parties with pre-suit or pre-arbitration discovery

Courts have long held that Rule 27 is not designed to allow pre-complaint discovery. "Rule 27 was not intended to be used as a discovery statute." *Petition of Ferkauf*, 3 F.R.D. 89, 90-91 (S.D.N.Y.1943); *Ash v. Cort*, 512 F.2d 909, 912 (3rd Cir.1975) ("Rule 27 is not a substitute for discovery"). The same rationale applies in the context of arbitration, as Rule 27 is not intended

"to allow parties to circumvent the discovery procedures of arbitral forums." *Application of Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473, 487 (4th Cir. 1999), *cert denied,* 529 U.S. 1109 (2000).

Here petitioners admit that they seek production of the discovery for pre-complaint discovery and to assist in foreign arbitrations. In his declaration filed in support of the petition, counsel for Mercuria states "The evidence sought is material to *anticipated litigation and/or multiple foreign arbitration proceedings* arising from the W SAPPHIRE casualty . . ." (Docket 1-3, at 4, ¶ 10).

### b. Petitioners have not shown that they reasonably expect to be a party to an action cognizable in a United States court

The predicate for Fed. R. Civ. P. 27 provides that "[a] person who wants to perpetuate testimony *about any matter cognizable in a United States court* may file a verified petition in the district court for the district where any expected adverse party resides." Fed. R. Civ. P. 27(a)(1)(emphasis added). In order to satisfy Rule 27's requirement that the petitioners will be a party to a matter cognizable in the United States, "it must be shown that in the contemplated action, for which the testimony is being perpetuated, federal jurisdiction would exist and thus is a matter that may be cognizable in the federal courts." *Dresser Indus. v. United States*, 596 F.2d 1231, 1238 (5th Cir.1979).

Petitioners' only efforts to satisfy this prerequisite of Rule 27 is to claim that the Vessel "may be subject to arrest by one or more of the Petitioners pursuant to Supplemental Admiralty Rule C of the Federal Rules of Civil Procedure. Litigation and/or arbitration concerning the responsibility for the W SAPPHIRE casualty is plainly foreseeable." (Docket 1-5, at 6). Petitioners' claim that they may be subject to *arbitration* has no bearing on whether petitioners

4

have met their burden to prove that they reasonably expect to be parties to an action cognizable in a United States *court*.

The discovery provisions of the Federal Rules of Civil Procedure, including Rule 27, are generally not available in connection with foreign arbitrations. *In re Skylight Shipping Corp.*, 1999 WL 1293472 *2 (Jul. 9, 1999, E.D. La.)(Rule 27 is not applicable where shipowner's allegation that it expected to become a party in an action in a US court was equivocal because of ongoing claims in arbitration); *In re Meridian Bulk Carriers, Ltd.,* 2003 WL 23181011, *1 2 (Jul. 17, 2003, E.D. La.)(denying Rule 27 petition because "[i]t is highly unlikely that petitioners expect to be a party in a United States court when each is bound by an arbitration provision.").

As to potential lawsuits in the US, petitioners do not identify who they contemplate suing, or who might sue one or more of them, or what cause of action that lawsuit may involve. Where the petition for Rule 27 discovery fails to name who may be parties to the contemplated litigation and the petitioners fail to show that they can assert claims that would give rise to federal jurisdiction, their Rule 27 petition should be denied. *Daniels-Bey v. Astfalk*, 2016 WL 11772069, *2 (E.D. Mich., Apr. 7, 2016)(denying Rule 27 petition because it was "not even clear whom Daniels-Bey intends to sue.")

Petitioners' failure to identify who they might sue or who might sue them also means that petitioners cannot satisfy their burden to prove that a federal court would have jurisdiction, both subject matter and personal, over any such suit. *Qin v. Deslongchamps*, 539 F.Supp.3d 943, 946 (E.D. Wi. 2021)(denying Rule 27 petition because petitioner could not show that a federal court would have subject matter jurisdiction over his contemplated action); see also 8A Wright and Miller, *Federal Practice and Procedure* § 2072 (3d ed.).

It is now almost two months since this incident took place. The fact that petitioners cannot identify with any degree of specificity who they might sue in a US court, or by whom they might be sued, or what those cause(s) of action might entail, is clear evidence that there is no realistic likelihood that petitioners will become parties to a lawsuit cognizable in a UC court.

### c. Fed. R. Civ. P. 27 requires a showing why an anticipated cognizable US action cannot be presently filed

The intent of Fed. R. Civ. P 27 is to permit parties to perpetuate evidence which may disappear, but only in the extraordinary situation where the petitioners are unable to file a lawsuit and obtain the same information via the normal discovery process. As the Rule states, the petitioner must show: "(A) that the petitioner expects to be a party to an action cognizable in a United States court *but cannot presently bring it or cause it to be brought*." Fed. R. Civ. P 27(a)(1)(A).

Courts will deny relief under Rule 27 where a petitioner fails to show that it is unable to bring suit at the time of filing the Rule 27 petition. *Shore v. Acands, Inc.*, 644 F.2d 386, 388-9 (5th Cir. 1981)(denying Rule 27 petition where the petitioner "made no showing that he could not have brought his suit in some state or federal court in Oklahoma or in some other state"); *In re Skylight Shipping Corp.*, 1999 WL 1293472 *2 (Jul. 9, 1999, E.D. La.)(Rule 27 discovery not available where there was no showing why the movant was presently unable to bring the action it contemplated filing); *In re Liquor Salesmen's Union Local 2D Pension Fund*, 2012 WL 2952391, *5 (E.D.N.Y., Jul. 19, 2012)(denying relief under Rule 27 because petitioner "has not established why it cannot presently bring its ERSIA [sic] claim or even against whom the claim would be brought."); *see* 4 Moore's Federal Practice P 27.07(2), at 1822 (1979).

The standard for establishing that one is unable to presently bring a suit is an objective one: the court in *Shore* rejected the petitioner's view that he was unable to bring a suit simply because he could not bring it in the district of his choice or against all the defendants he desired. *Shore*, 644 F.2d at 388-89. Only upon a proper showing of inability to presently bring suit, "if it is satisfied that a failure or a delay of justice may thereby be prevented," may the court issue an order under Rule 27. *Mosseller v. United States*, 158 F.2d 380, 382 (2d Cir. 1946); *see also In re Campania Chilena de Navegacion*, No. 03 CV 5382 (ERK), 2004 WL 1084243 (E.D.N.Y. Feb. 6, 2004).

Rule 27 is intended to preserve evidence which would otherwise be unavailable by the commencement of a lawsuit and therefore the Rule should not be extended to a situation in which the petitioner presently has a cognizable claim that could be brought. "The rule is not designed to allow pre-complaint discovery" and is not a substitute for discovery. *In re Storck*, 179 F.R.D. 57, 58 (D. Mass. 1998); *Ash v. Cort*, 512 F.2d 909, 912 (3d Cir. 1975).

Petitioners' failure to describe with any degree of specificity the actions they contend would be cognizable in a US court and to which they reasonably anticipate becoming parties necessarily means that petitioners have not, and indeed cannot, set forth any evidence which explains why one or more of the petitioners is unable to presently file a lawsuit.

Petitioners do include a comment that the ship is currently within the jurisdiction of this Court, "and may be subject to arrest by one or more of the Petitioners pursuant to Supplementary Admiralty Rule C of the Federal Rules of Civil Procedure." (Docket # 1-5, at 6). If what petitioners allege is true, why not file that lawsuit now? Similarly, the petition suggests that UCL, the owner of the coal, could potentially file a cargo claim for damage to the coal. (Docket 1, at 3, ¶ 8). Again, if that is true, what is preventing UCL from filing a lawsuit now in this court against the Vessel and Owners?

#728006v1

Petitioners have provided no explanation whatsoever that there are any obstacles that would prevent them from filing a vessel arrest now, or why UCL is presently unable to file a lawsuit alleging damage to its cargo. The absence of any explanation for why these potential claims cannot be presently filed leads to the inevitable conclusion that the claims are illusory, will never be filed and are only cited in an effort to satisfy the requirements for relief under Rule 27.

### d. The Petition does not identify a potential party who resides in this district

Mercuria's petition does not even mention the requirement under Fed. R. Civ. P 27 that "[a] person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition *in the district court for the district where any expected adverse party resides*." Fed. R. Civ. P. 27(a)(1)(emphasis added). The most likely reason for this omission from the petition is a tacit admission by petitioners that they recognize they cannot satisfy this requirement.

What is clear is that none of the parties identified by name in the petition is a resident of this district and in fact are all residents of foreign countries. Based upon the allegations in the petition concerning the states of incorporation and principal places of business of each of the potential litigants, it is readily apparent that none of those potential litigants resides in Maryland. Where a petition fails to satisfy the residency requirement of the Rule, courts have uniformly denied the petitions. *Petition of Haussler*, 10 F.R.D. 134 (E.D.N.Y.1950) (dismissing petition under Rule 27 filed in New York for deposition of a Washington DC resident because the petition was not filed where the defendant resided); *Stratigos v. Prudential Ins. Co. of Am.*, 2016 WL 6138662, at *2 (M.D. Fla. Oct. 21, 2016) (denying Rule 27 petition where "Plaintiff has not shown that this Court is the appropriate court in which to file the Motion because he has not shown that this is the district in which an expected adverse party resides"); *Gilford v. Bank of New York Mellon*

*Corp.*, 2012 WL 13130213, at *2 (N.D. Ga. June 18, 2012), *report and rec. adopted*, 2012 WL 13130212 (N.D. Ga. Sept. 10, 2012) (Where "none of the expected adverse parties resides in Georgia" the court "does not have the authority to grant" the Rule 27 Petition); *Ussery v. Unincorporated Association of "Skip" Cornelius*, 2024 WL 3891527, *3 (N.D. Tx. Jul. 22, 2024)(Rule 27 not applicable where "there is no indication that any of the defendants resides in the Northern District of Texas, Amarillo Division").

Petitioners may argue that their failure to satisfy the various prerequisites of Fed. R. Civ. P. 27 should be excused because the factors provided for in Rule 27 are not "sacrosanct" as alleged in a footnote to petitioners' memorandum. (Docket # 1-5, at 5, fn 1). However, the cases cited in support of that proposition are limited to questions under the Rule where the court has discretion, and none of the cases holds that petitioners can simply ignore prerequisites of the Rule because they are unable to satisfy them.

Two of the cases cited in the footnote address the notice section of Rule 27 which states in the Rule itself that that the Court has discretion in determining if proper notice has been provided. Both *Hamilton Beach Brands, Inc.*, v. Est. of Moore, 2024 U.S.Dist.LEXIS 116594 (E.D. Tn. July 2, 2024) and *Application of Deiulemar Di Navigazione S.p.A.*, 153 F.R.D. 592, 593 (E.D. La. Feb. 22, 1994) responded to an argument that proper and timely notice under Rule 27 had not been provided to all potential parties. The Court in both cases held that it had the discretion to modify the Rule's notice requirement, which is consistent with the text of the Rule itself which specifically provides that the Court has some discretion regarding notice and service. "If that service cannot be made with reasonable diligence on an expected adverse party, the court may order service by publication or otherwise." Fed. R. Civ. P. 27(a)(2).

The question before the court in *In re Bay County Middlegrounds Landfill Site*, 171 F.3d 1044, 1046 (6th Cir. 1999) was whether the petitioner had shown sufficient facts or the substance of testimony it sought to establish via the Rule 27 discovery. The sufficiency of evidence is by its very nature an issue on which the court has discretion.

There is nothing in Fed. R. Civ. P. 27 which provides that the Court has discretion to grant a Rule 27 petition if there is no showing that an expected adverse party resides in the district, or that the petitioners will be parties to a lawsuit cognizable in the US but which cannot presently be filed, nor is there any case law which supports that proposition. The Rule is clear on its face and petitioners have provided no reason why the prerequisites of the Rule should not be enforced as written.

There is another compelling reason why the court should enforce the prerequisites of Fed. R. Civ. P. 27 before permitting any discovery. Unlike most cases where an incorrect decision by a district court can be overturned on appeal, if this court were to permit discovery despite petitioners' failure to satisfy the conditions of the Rule, once the discovery has taken place it would be too late for the court of appeals to reverse. *See In re the Petition of Billy F. Price*, 723 F.2d 1193,1194 (5th Cir. 1984)(Appellate court declined appeal arguing that order permitting deposition under Rule 27 was improper as pointless because the deposition had already been taken).

### e. **Fed. R. Civ. P. 27 only permits *perpetuation*, not *production* of evidence**

The case law is very clear that the purpose of Fed. R. Civ. P. 27 is to *perpetuate* evidence so that it can be available for a subsequent proceeding in a US court, but only if or when that proceeding is filed. The Rule is not intended "to allow parties to circumvent the discovery procedures of arbitral forums." *Application of Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473, 487 (4th Cir. 1999), *cert denied,* 529 U.S. 1109 (2000).

The common thread between decisions like *Deiulemar v. M/V Allegra* and *Ash v. Cort*, 512 F.2d 909 (3d Cir. 1975) is the courts' emphasis that the purpose of Rule 27 is to preserve—not to provide the parties with—evidence. With regard to the evidence at issue in *Deiulemar v. M/V Allegra*, the Fourth Circuit noted, "this evidence will remain unseen unless the arbitrator decides to unseal it." *Id.* The Third Circuit likewise describes the purpose of Rule 27, "[s]uch testimony would thereby be perpetuated or kept in existence and, if necessary, would be available for use at some subsequent time." *Ash*, at 921, *citing Petition of Ferkauf,* 3 F.R.D. 89, 91 (S.D.N.Y.1943). Allowing a petitioner access to such evidence would provide the party to the eventual arbitration or litigation the unfair advantage of obtaining discovery outside of the proper procedural routes.

What petitioners seek here is not perpetuation of evidence, but rather the unfettered production of evidence that petitioners could then use in any forum, including London arbitration. The petition requests that (1) "Petitioners are authorized to obtain preservation *and production* of the following vessel documents and records" (emphasis added), (2) the right to take depositions of the crew which, once taken by counsel would necessarily be available for them to use as they wish, and (3) that "Petitioners may conduct a proper independent marine inspection of the Vessel".

Petitioners rely heavily on the Fourth Circuit decision in *Deiulemar v. M/V Allegra* to support their request for production of evidence without once mentioning that the decision only permitted very limited perpetuation of evidence, *none of which was produced to counsel.* The district court had ordered that the ship provide the court with copies of certain documents and permitted a vessel inspection, but all the documents and the report of the inspection were held *in camera* by the court and not provided to the petitioners. 198 F. 3d at 481, fn 10 ("Finally, the district court, in its wisdom, merely preserved the evidence by holding it *in camera* away from the eyes of either party.") Although the court of appeals affirmed the district court, it rejected a request

by the petitioner that copies of the documents and the inspection report be produced to the petitioner and required that the district court send the records to the arbitration panel directly, leaving it to the arbitration panel to decide what evidence, if any, it would consider. "[W]e decline to unseal the evidence. Rather, we remand with instructions to transfer the sealed evidence to the pending arbitration proceeding." *Id.* at 487.

There is certainly nothing in *Deiulemar v. M/V Allegra* which supports petitioners' request for depositions of the crew. The district court did not permit depositions in its order, and the Fourth Circuit did not address whether it would have permitted depositions if requested. Instead, the court of appeals specifically limited its decision to the scope of discovery permitted by the district court stating,

> We also do not intimate that by recognizing Rule 27 discovery in aid of arbitration in these specific facts, we intend to open all forms of pre-arbitration discovery in circumstances of "special need." To the contrary, we limit our holding today to Rule 27 perpetuation in the specific circumstances described above. We leave for future determination the proper scope of the "special need" exception as it applies to other forms of discovery in aid of arbitration.

*Id.* at 481, fn 10.

A fair reading of *Deiulemar v. M/V Allegra* is that, at best it would support an Order whereby documents and reports of any inspections would be provided to the district court only (and not to counsel) so that, if a suit were filed in a US court, that court could decide whether that evidence would be discoverable. Because the decision specifically states that it is limited to the discovery permitted by the district court it does not provide any support for petitioners' request for depositions.

Moreover, it is worth noting that the court in *Deiulemar v. M/V Allegra* was not asked to consider the other requirements for application of Fed. R. Civ. P. 27 such as a potential suit

cognizable in a US court that cannot be presently filed, and the need for a potential party to reside in this district.

## IV. CONCLUSION

Petitioners appear to be of the belief that all they need do to obtain complete discovery under Fed. R. Civ. P 27 is to show that there is a danger that the discovery they seek may become unavailable. However, because Rule 27 is an extraordinary remedy, perpetuation of evidence is only available if the petition satisfies the prerequisites of the Rule. The petition completely fails to do so for the following reasons:

- The petition does not establish that any of the petitioners reasonably expects to be a party to a lawsuit cognizable in US courts or that the court would have jurisdiction over such lawsuit.
- The petition does not establish that one or more of the petitioners is presently unable to bring a lawsuit in a US court.
- The petition does not even claim, let alone establish, that any of the potential adverse parties resides in this district.
- The petition seeks production, not perpetuation, of evidence.

Petitioners' arguments notwithstanding, the petition represents a clear attempt to obtain depositions and other evidence to which they would not be entitled in the London arbitrations under the guise of vague and unsubstantiated suggestions that one or more of them might become involved in litigation before a US court. Therefore, for the reasons set forth herein, Owners respectfully submit that this Honorable Court should deny the petition.

Respectfully Submitted,

**PALMER BIEZUP & HENDERSON LLP**

By:  _____/s/_____
Frank P. DeGiulio, Esq.
Federal Bar No.: 27059
222 Prince George Street, Suite 102
Annapolis, MD 21401
P (410) 267-0010
fpd@pbh.com

Kevin G. O'Donovan, Esq.*
Palmer Biezup & Henderson LLP
190 N. Independence Mall West
Suite 401
Philadelphia, PA 19106
odonovan@pbh.com
Attorneys for Linville LP and W Marine

* Admitted *pro hac vice*

#728006v1

**CERTIFICATE OF SERVICE**

  The undersigned counsel hereby certifies that a true and correct copy of the foregoing Memorandum of Linville LP and W Marine in Opposition to the Petition for an Order to Preserve Testimony and Evidence Pursuant to Fed. R. Civ. P. 27 was served via ECF upon all counsel of record as follows:

            By:   /s/
               Frank P. DeGiulio

Dated: October 13, 2025