IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MERCURIA SHIPPING SARL, JAVELIN GLOBAL COMMODITIES (UK), AND ULTRATECH CEMENT LIMITED<br><br>Petitioners,<br><br>For Order Authorizing Discovery Pursuant to Fed. R. Civ. P. 27 | Civ. No. MJM-25-3207 |

## ORDER

For reasons stated in the accompanying Memorandum Opinion, it is by the United States District Court for the District of Maryland hereby ORDERED that:

1. The Verified Petition of Mercuria Shipping Mercuria Shipping SARL, Javelin Global Commodities (UK) Ltd. and UltraTech Cement Limited (collectively, "Petitioners") for relief under Rule 27(a) of the Federal Rules of Civil Procedure (ECF No. 1) is GRANTED subject to the limitations described in the Memorandum Opinion;

2. Petitioners are authorized to take the depositions of the following crew members of the M/V W-SAPPHIRE: Master, Chief Officer, and Chief Engineer identified in Exhibit A to the Joint Stipulation (ECF No. 21). Their testimony shall be restricted to facts material to the explosion that occurred on August 18, 2025, including cargo loading, stowage, ventilation, inerting, gas monitoring, and related shipboard operations. The depositions will be taken orally for purposes of efficiency and expediency, and in consideration of the complexity of the subject matter;

3. Petitioners' request to depose "relevant ventilation/electrical personnel" is DENIED without prejudice;

4. Petitioners are authorized to obtain preservation and production of the vessel documents and records itemized in Exhibit 1 to the Petition (ECF No. 1-4);

5. Petitioners may retain an independent marine surveyor to enter onto the Vessel to inspect, measure, survey, photograph, test, and/or sample identified parts of the Vessel and property on it. Linville LP and W Marine (collectively, "Vessel Owners") shall produce relevant documents requested by the surveyor in aid of the inspection;

6. Any marine inspection report, photographs, and test results generated from the inspection, and documents and materials produced to the surveyor in connection with the inspection, shall be submitted exclusively to the Court, in both paper and electronic form, to be held *in camera* pending any request for production by a court, arbitrator, or party after a judicial or arbitral proceeding is instituted. The foregoing materials shall not be disclosed or produced to any Petitioner unless otherwise ordered or authorized by the Court. Any physical samples taken by the surveyor shall be preserved in the surveyor's exclusive custody until further order the Court;

7. Petitioners and Vessel Owners are directed to confer in good faith to identify and engage a marine surveyor to conduct an independent inspection of the Vessel, and to seek agreement as to the timing of the inspection and depositions. The parties shall submit no later than **November 24, 2025,** a joint status report memorializing their agreement on these issues with a proposed order and/or briefing on any issues that remain in dispute;

8. The joint stipulation (ECF No. 21) shall be SEALED until further order of the Court;

9.  Vessel Owners shall file publicly no later than **November 17, 2025,** a version of the Joint Stipulation in which the columns in Exhibit A listing the dates of birth and passport numbers for the individual crew members is redacted; and

10. This Court shall retain jurisdiction to enforce this Order and consider any other appropriate relief.

It is so ORDERED this  10th  day of November, 2025.

    _____
    Matthew J. Maddox
    United States District Judge