UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
Matthew J. Maddox
United States District Judge
MDD_MJMChambers@mdd.uscourts.gov

101 West Lombard Street
Chambers 5C
Baltimore, Maryland 21201
(410) 962-3407

November 26, 2025

LETTER TO COUNSEL

  Re: <u>In re Mercuria Shipping SARL, et al.</u>,
     Civil No. MJM-25-3207

Dear Counsel:

  The Court is in receipt of the status reports submitted by Mercuria Petitioners (ECF 27 & 29) and the Owners (ECF 28). I appreciate the updates.

  Mercuria Petitioners' status report goes beyond merely reporting the status of compliance with the Order granting in part the Rule 27 petition filed in this matter (ECF 24 & 25). It also requests a form of relief or modification of the Order. Specifically, Mercuria Petitioners "request that each party in this matter be permitted to each designate one (1) marine surveyor on its behalf to attend the 'independent marine survey'" that is expected to be conducted on November 30, 2025. ECF 27 at 5. Mercuria Petitioners state that the purpose of allowing their designated marine surveyors to attend the independent marine survey ordered by this Court is (1) to witness without influencing the independent marine survey and/or (2) "to conduct additional relevant investigations and perform testing and analysis on issues not currently assigned to the independent third party testing company or the independent marine surveyor." *Id.* at 4. Mercuria Petitioners cast the issue as "logistical" in nature. *Id.*

  The Court, first, disagrees with the characterization of the issue as "logistical." Permitting Mercuria Petitioners each to have their own marine surveyors join the independent inspection is not necessary to carry out the Court's Order. The Order of November 10th granting the petition in part authorizes an independent marine survey, the collection of information and material by the designated independent third-party marine surveyor, and the submission of any inspection report, photos, and test results to the Court only to be held *in camera*. The purpose of these restrictions is, as explained in the Memorandum Opinion, to avoid, to the extent practicable, broad pre-suit discovery that would place Mercuria Petitioners in a better position than they held before filing their Rule 27 petition. *See* ECF 24 at 29. Permitting all interested parties to designate marine surveyors to attend the independent marine survey on their behalf would defeat the restrictions I placed on the marine survey Mercuria Petitioners requested in their petition.

  Mercuria Petitioners contend that if their non-independent marine experts are not permitted access to the independent inspection, then "none of the parties will have any realistic sense of the relative condition of the vessel, Hold No. 2, or any other related alleged damages to

the vessel . . . ." ECF 27 at 4. Here, Mercuria Petitioners confuse the purpose of the relief they have been granted. The Court has not authorized the independent inspection of the vessel so that any party to future litigation may be apprised of the condition of the vessel or the extent of damages. The purpose of the independent inspection and other provisions of the Court's Order is to perpetuate evidence in anticipation of future litigation, pursuant to Rule 27(a).

Accordingly, Mercuria Petitioners' request for this Court to direct access to the vessel by their non-independent marine surveyors is denied. If all parties consent or agree to having non-independent marine surveyors join the independent inspection or conduct investigations of their own, then that agreement may be carried out. But the Court declines to direct the Owners to give access to non-independent marine surveyors.

In a reply status report, Mercuria Petitioners flag a potential issue with conducting Rule 27(a) depositions aboard the vessel. ECF 28 at 3–4. I share their concerns that conducting the depositions on the vessel may place a court reporter in an unduly stressful and anxiety-inducing predicament and may even pose a risk to his or her safety. I encourage the parties to be mindful of, and sensitive to, the interests of the court reporter(s). The court reporter(s) should be fully advised about the potential stress and risk associated with conducting the depositions aboard the vessel. If the court reporter(s) express discomfort or anxiety with the arrangements the parties have made for the depositions, I encourage the parties to agree to reasonable accommodations for the depositions off-vessel. Any party may seek relief from the Court if an agreement cannot be made.

Despite the informal nature of this letter, it is an ORDER of the Court and shall be docketed accordingly.

        Very truly yours,

        /S/
        Matthew J. Maddox
        United States District Judge